IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Lamar Rashad Jackson                    ) Civil Action No._____
[Enter the full name of the plaintiff in this action]    )              (to be assigned by Clerk)
                                        )
                                        )         C O M P L A I N T
v.                                      )           State Prisoner
                                        )
Randy Scott - Chief of                  )
Police CPD, Investigator                )
Montgomery CPD, etc.                    )
                                        )
_____)
                                        )
_____)
Enter above the full name of defendant(s) in this action )

RECEIVED
USDC CLERK, COLUMBIA, SC
2014 MAR 20 PM 12:32

I.  PREVIOUS LAWSUITS

   A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise related to your imprisonment?    Yes_____    No __✓__

   B.  If your answer to A is Yes, describe the lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.

      1.  Parties to this previous lawsuit:

          Plaintiff: _____N/A_____

          Defendant(s): _____N/A_____

      2.  Court: _____N/A_____
          (If federal court, name the district; if state court, name the county)

      3.  Docket Number: _____N/A_____

      4.  Name(s) of Judge(s) to whom case was assigned: ____N/A____

      5.  Disposition: _____N/A_____
          (For example, was the case dismissed? Appealed? Pending?)

      6.  Approximate date of filing lawsuit: ____N/A____

      7.  Approximate date of disposition: ____N/A____

Complaint - State Prisoner
Revised May 9, 2013

II. PLACE OF PRESENT CONFINEMENT

  A. Name of Prison/Jail/Institution: Turbeville Correctional Institution

  B. What are the issues that you are attempting to litigate in the above-captioned case? Malicious Prosecution, False Arrest and Imprisonment

  C. (1) Is there a prisoner grievance procedure in this institution?   Yes_____   No ✓

  (2) Did you file a grievance concerning the claims you are raising in this matter?   Yes_____   No ✓

  When_____   Grievance Number (if available) _____

  D. Have you received a final agency/departmental/institutional answer or determination concerning this matter (*i.e.*, your grievance)?   Yes_____   No ✓

  E. When was the final agency/departmental/institutional answer or determination received by you? _____

  *If possible, please attach a copy of your grievance and a copy of the highest level decision concerning your grievance that you have received.*

  F. If there is no prison grievance procedures in this institution, did you complain to prison, jail, or institutional authorities?   Yes_____   No_____

  G. If your answer is YES:

  1. What steps did you take? _____

  2. What was the result? _____

III. PARTIES

  *In Item A below, place your name, inmate number, and address in the space provided. Do the same for additional plaintiffs, if any.*

  A. Name of Plaintiff: Lamar Jackson   Inmate No.: 312616
  Address: Turbeville Correctional Institution, P.O. Box 252 Turbeville, S.C. 29162

  *In Item B below, place the full name of the defendant, his official position, and place of employment in the space provided. Use Item C for additional defendants, if any.*

  B. Name of Defendant: Randy Scott   Position: Chief of Police
  Place of Employment: City of Columbia Police Department

  C. Additional Defendants (*provide the same information for each defendant as listed in Item B above*):
  Investigator Montgomery - City of Columbia Police Department

IV. STATEMENT OF CLAIM

*State here, as briefly as possible, the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach an extra sheet if necessary.*

On June 13, 2011, I, Lamar Jackson, was arrested by Officer J. Hardin - Badge No. 22304 - of the City of Columbia Police Department. I was charged with Attempted Murder, while the guy who was arrested with me, whose name is Terrelle Timmons, was only charged with Failure To Stop on Police Command. We were both handcuffed after being searched and then placed in the back of a police car. Nothing illegal was found in our possession. A short while later I was approached by another officer, whose name I can't recall, and shown a handgun which was in an evidence bag. I was later informed that Corporal Spires of the City of Columbia Police Department recovered the handgun in an open lot at 2010 Willis Street. Mr. Timmons and I were both asked to step out of the back of the Patrol Car so that ID Tech V. Graham of the CPD could test us both for Gun Shot Residue. Both of our hands were swabbed

Complaint - State Prisoner
Revised May 9, 2013

IV. STATEMENT OF CLAIM - continued.

for Gun Shot Residue and we were placed back into the back of the Patrol Car. We were then transported to the Police Headquarters at 1 Justice Square for questioning. I was questioned by Investigator Montgomery but I refused to talk without a lawyer being present. Mr. Timmons instead decided to give a statement where he basically stated that we were in the area of the said crime, heard gunshots, and started running until we saw the police. He also stated that neither of us were in possession of a gun and that we never shot a gun. I signed the Advice of Rights form, but never submitted a written statement. After that, we were then transported to the Alvin S. Glenn Detention Center. I was booked on the charges of Attempted Murder and Failure to Stop on Police Command and Mr. Timmons was booked on the charge of Failure to Stop on Police Command. Mr. Timmons went to bond court the next day, June 14, 2011. He was given a Personal Recognizance bond and released. I didn't appear

in front of the bond court judge until June 15, 2011. I was given an 150,000 dollar surety bond for Attempted Murder. Later on that day, I was called back in front of the same bond judge, whose name is Guinyard. He stated that he wasn't aware that a handgun was recovered at the time of my arrest and raised my bond to 750,000 dollars. I stayed at Alvin S. Glenn Detention Center until October of 2011. I was then transferred into the South Carolina Department of Corrections. I was there to serve an indeterminate sentence for violation of my YOA parole. The Department of Probation, Parole, and Pardon Services terminated my parole and sent me back to the Department of Corrections. Agent Morales violated me primarily because he believed that I failed to refrain from violating Federal, State, or Local laws based on good and sufficient reason to believe that I committed the crime of Attempted Murder. I was shipped to Kirkland Reception and Evaluation Center and once I was evaluated, I was shipped to Turbeville Correctional Institution.

I didn't receive my Discovery Material until March of 2012. Once I got it and went over it, I immediately paid special attention to the Gun Shot Residue test results. The test results were handled by Selena Kinard, Forensic Technician with SLED. The test results are labeled with SLED Lab number L11-06775 and is dated August 2, 2011. It is signed by Forensic Scientist Ila N. Simmons. The test results state that on my right palm NO gunshot residue was found and on the back of my right hand the quanities of metals found did not indicate the presence of gunshot residue. The same exact thing was said for my left palm and the back of my left hand also. For both of Mr. Timmon's hands the test results simply stated that the quanities of metals found did not indicate the presence of gunshot residue. If I was arrested 15 minutes after the alleged crime, then had my hands swabbed for gunshot residue and the test results showed that I could not have fired a gun, then why was I held for 19 months for Attempted Murder? I was released from SCDC on 7/31/12. I was transferred back into the custody of the Columbia Police Dept. and housed at the Alvin S. Glenn Detention Center. My public defender, J. Clarke Newton, informed me that the solicitor of my case agreed to drop the charge down to Assault + Battery 1st degree and offered me a plea of 0-8 years

I politely declined, stating that there was no ~~way~~ Gunshot Residue on my hands and that I was innocent. I told him that I was considering going to trial. I was released a couple months later on January 22, 2013 from the Alvin S. Glenn Detention Center. The charge of Attempted Murder was dismissed after 19 months for Lack of Subject Matter. My biggest argument is that since I was tested for Gunpowder or Gunshot residue no more than 1 hour after the alleged incident and the test results show that I didn't have any Gunshot residue on my body, why wasn't I released two months later when the test result came back from the lab. Why was I wrongfully detained for 19 months before the false charges filed against me were dismissed?

Affiant: S/ Lamar Jackson #312616

Lamar Jackson #312616

V. **RELIEF**

*State briefly and exactly what you want the court to do for you.*

I would like to be fully compensated for each and every day that I was wrongfully detained. The City of Columbia Police Departments might have had enough probable cause to arrest me due to the false statements that were written against me, but once those GSR test results came back showing that I did NOT shoot a gun, I should've immediately been cleared of the Attempted Murder Charge and released. I am willfully seeking compensation for punitive damages and all losses I encountered due to the 19 months I was wrongfully detained. That's 19 months I could've been working, providing for my family, but instead I was incarcerated due to false allegations and sloppy investigative techniques on behalf of the City of Columbia Police Department.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this **19** day of **March**, 20**14**.

_____
Signature of Plaintiff

SWORN to and subscribed before me this **19th** day of **March**, 20**14**.
_____ (L.S.)
Notary Public for South Carolina

My Commission Expires: **4-27-2016**

Complaint - State Prisoner
Revised May 9, 2013