IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lamar Rashad Jackson, | C/A No. 0:14-1066-MGL-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Investigator Montgomery, *CPD*, | |
| Defendant. | |

Plaintiff Lamar Rashad Jackson, a self-represented pretrial detainee, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court on the plaintiff's motion for default judgment (ECF No. 35) following entry of default against Defendant Montgomery. (ECF No. 33.) Jackson appears to have filed the motion in accordance with Federal Rule of Civil Procedure 55 to the best of his abilities.

## DISCUSSION

As noted above, default has been entered against Defendant Montgomery; therefore, the court accepts Jackson's well-pleaded factual allegations as true. See DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). The court previously construed Jackson's Complaint as purporting to assert claims pursuant to 42 U.S.C. § 1983 against Defendant Investigator Montgomery CPD for false arrest, false imprisonment, and malicious prosecution in violation of the Fourth Amendment. (See ECF No. 19 at 2.) Specifically, Jackson alleges a warrantless arrest for attempted murder on June 13, 2011 by Officer Hardin of the City of Columbia Police Department—who is not named as a defendant in this matter. (Compl., ECF No. 1 at 3.) Terrelle Timmons was arrested with Jackson for failure to stop

on police command. (Id.) Following their arrest, an officer showed Jackson and Timmons a handgun, which Jackson was later informed had been recovered from an open lot, and Jackson states that "ID Tech V. Graham" of the City of Columbia Police Department then tested both Jackson and Timmons for gunshot residue. Jackson alleges that he was transported to the police headquarters for questioning and that he "was questioned by Investigator Montgomery but I refused to talk without a lawyer being present." (Id. at 4.) Jackson states that Timmons provided a statement indicating that Timmons and Jackson were in the area of the crime, heard the gunshots, and started running until they saw the police. Jackson asserts that Timmons also stated that neither of them was in possession of a gun or shot a gun. (Id.) Jackson alleges that he remained in Alvin S. Glenn Detention Center until October 2011 when he was transferred to the South Carolina Department of Corrections to serve an indeterminate sentence for violation of his youthful offender parole because Agent Morales, who it also not a named defendant in this case, believed that there was good and sufficient reason to believe that Jackson committed the crime of attempted murder. (Id. at 5.) Jackson alleges that upon receiving his discovery materials in March 2012, he learned that the gunshot residue results stated no gunshot residue was found on his right or left palm and the quantities of metals found on the back of his right and left hand did not indicate the presence of gunshot residue. (Id. at 6.) Jackson states that in July 2012 he was transferred back to the Detention Center and declined a plea offer indicating that he was innocent. (Id. at 6-7.) Jackson alleges that he was released on January 22, 2013 and the charge of attempted murder was dismissed. Jackson asserts that he was wrongfully detained for nineteen months. (Id. at 7.) Jackson concedes that the "City of Columbia Police Department might have had enough probable cause to arrest [him]" but argues that he should have been immediately released following receipt of the gunshot residue reports.

In Jackson's motion for default judgment, he indicates that he is seeking $22,500 in compensatory damages for lost wages during his alleged wrongful imprisonment and punitive damages in the amount of $250,000 for the violation of his constitutional rights. (ECF No. 35 at 2-3.)

Although the court accepts Jackson's well-pleaded factual allegations as true, the court must determine whether the unchallenged factual allegations constitute a legitimate cause of action and support the relief sought in the action. Ryan, 253 F.3d at 780-81; see also 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."). Further, "[o]nce the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded." 10A Wright, Miller & Kane, supra, § 2688 at 63.

In this case, the court finds that Jackson's well-pleaded factual allegations fail to support a claim against Defendant Montgomery under the Fourth Amendment. See Massey v. Ojaniit, 759 F.3d 343, 356 (4th Cir. 2014) (indicating that to establish a § 1983 claim based on a Fourth Amendment violation for false arrest/imprisonment or malicious prosecution, a plaintiff must first show that the seizure was effected without probable cause). The only mention of Defendant Montgomery in any filing before the court is that, following Jackson's arrest, Defendant Montgomery attempted to question Jackson and Jackson declined to answer Montgomery's questions without the presence of an attorney. This allegation alone is insufficient to demonstrate and support in any manner Jackson's claims for monetary damages against this defendant. See, e.g., Ashcroft

v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Therefore, Jackson's requests for relief against Defendant Montgomery should be denied.

## RECOMMENDATION

Accordingly, the court recommends that Jackson's motion for default judgment against Defendant Montgomery (ECF No. 35) be denied and this matter be dismissed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 9, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).