IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lamar Rashad Jackson, | ) | Civil Action No. 0:14-1066-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Investigator Montgomery, CPD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Lamar Rashad Jackson, ("Plaintiff"), a self-represented pre-trial detainee, filed the instant action, construed as seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling.

On February 9, 2015, the Magistrate Judge issued a Report and Recommendation, ("the Report"), (ECF No. 41), recommending that Plaintiff's Motion for Default Judgment, (ECF No. 35), be denied and that this matter be dismissed as against the sole remaining Defendant, Investigator Montgomery, ("Defendant Montgomery"), for failure to plead a cognizable claim pursuant to § 1983. Plaintiff filed an Objection to the Report on February 17, 2015. (ECF No. 43). The matter is now ripe for decision.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28

U.S.C. § 636(b).  In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Plaintiff's Objections.  The Court has undertaken this *de novo* review, even though Plaintiff's filing, titled "Objections to the Report and Recommendation," (ECF No. 43), fails to advance specific, detailed objections to the Magistrate Judge's Report but instead consists, in large part, in a generalized complaint that Plaintiff should have been provided counsel for this lawsuit, since he himself "wasn't able to properly state what [he] was suing for."  Id. at p. 1.  Plaintiff also indicates that, should this matter be dismissed, he plans to immediately re-file another, broader lawsuit.  Id. at pp. 1-2.  Overall, Plaintiff's "Objections" fail to meaningfully address the Magistrate Judge's core determination that Plaintiff has not pled adequate facts to support a damages claim under § 1983 as against the sole remaining Defendant, Defendant Montgomery.

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 41), overruling Plaintiff's Objections.  Plaintiff's Motion for Default Judgment is thereby **DENIED**, (ECF No. 35), and this action is **DISMISSED**.

    **IT IS SO ORDERED.**

                                            s/Mary G. Lewis
                                            United States District Judge

April 13, 2015
Columbia, South Carolina